UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 09-130-JBC

ROBERTA BROSSART, PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

* * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment. R. 11, 12. For the reasons below, the court will grant the plaintiff's motion in part (R. 11) and deny it in part, deny the Commissioner's motion (R. 12), and remand this case to the Social Security Administration for further consideration.

I. Background

Roberta Brossart alleged disability beginning October 15, 2005, at which time she was thirty-eight years old and had past relevant work as a fast-food worker and dishwasher. AR 95-97. Brossart claimed disability based on a seizure disorder and anxiety disorders. AR 31. The Commissioner denied her claims on July 24, 2006, and upon reconsideration on November 10, 2008. AR 38-40, 43-45.

The Administrative Law Judge ("ALJ"), Jimmy N. Coffman, issued an unfavorable opinion on January 26, 2009. AR 17-24. Using the five-step sequential evaluation for determining whether a claimant is disabled, the ALJ found

1

at step one that Brossart had not engaged in substantial gainful activity following the alleged onset of her disability. AR 19. At step two, the ALJ found that Brossart had two severe impairments, epilepsy and anxiety disorder. At step three, he found that neither of these impairments, singly or combined, met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 20. Before reaching step four, the ALJ concluded that Brossart had the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c). AR at 22. At step four, the ALJ determined that Brossart could perform the requirements of her past relevant work. AR at 23. Specifically, he noted her past relevant work required light exertion and was unskilled. AR at 23. Finally, at step five, the ALJ concluded that Brossart could perform jobs existing in significant numbers in the national economy. AR at 23. Accordingly, the ALJ ruled that Brossart had not been under a disability from October 15, 2005, though the date of his decision. *Id.*

Brossart sought review by the Social Security Appeals Council (AR 13) of the ALJ's decision. The Appeals Council denied further review (AR 13) and Brossart filed a timely appeal to this court (R .1). This court's review is limited to determining whether the ALJ's decision was supported by substantial evidence, and whether the ALJ applied the appropriate legal standards."Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

**II.    Analysis**

    **A.     Listing 11.02**

Because the ALJ made insufficient findings regarding whether Brossart met the requirements for Listing 11.02, it is not possible to determine whether his decision was supported by substantial evidence. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2nd Cir. 1983). The Social Security Administration's Listing of Impairments describes impairments considered severe enough to prevent an individual from engaging in any gainful activity, and contains medical criteria that apply to the evaluation of impairments in adults age eighteen and over. *See generally http://www.ssa.gov/disability/professionals/bluebook/listing-impairments.htm.* Listing 11 deals with neurological issues, and 11.02 addresses epilelpsy in particular. Listing 11.02 requires convulsive epilepsy occurring "more frequently than once a month in spite of at least three months of prescribed treatment" and daytime or nocturnal episodes that interfere with activity during the day. In addition, "the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. When seizures are occurring in the frequency described in 11.02, evaluation of the impairment must include consideration of the serum drug levels."

    The parties dispute the extent to which Brossart took her prescribed

medication. The Commissioner now contends that Brossart "had regular access to her medications" and suggests that instances of low levels of medication in her system were caused by Brossart's failing to take her medicine, not by her inability to afford medication. In contrast, Brossart maintains that she continued to suffer seizures despite taking her medicine, and that the low levels of medication were caused by her body's inability to metabolize her medication properly due to her obesity. In addition, Brossart asserts that any gap in her taking her medication was attributable to her inability to afford her prescriptions.

The ALJ did not discuss the frequency of Brossart's seizures, her ability to control those seizures with medication, her medication levels, or her access to treatment. The ALJ simply concluded that Brossart's statements concerning the intensity, persistence, and limiting effects of her seizure-related symptoms were not credible to the extent that they were not consistent with the RFC, but he failed to articulate why that RFC was appropriate in light of her neurological issues. He also noted that the record lacked "objective diagnostic and clinical findings consistent with her complaints which support the degree of limitations noted," yet did not indicate how he weighed the medical evidence or whether he rejected the notion that any deficiencies in documenting her seizure disorder were attributable to Brossart's inability to afford medical care. *See, e.g., McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990) (explaining that the Secretary must determine whether the claimant's conditions are disabling in the absence of treatment, and if

so, whether there is an affordable treatment available to the claimant that would prevent the disability from being a severe impairment). It is therefore unclear whether the ALJ found that Brossart's seizures were of sufficient frequency, could be controlled by medication, or that Brossart had access to such medication.

Because this court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner of the Social Security Administration ("SSA"), remand is appropriate. *See Brainard v. Sec. of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Although substantial deference is afforded to agency determinations, including those of the SSA, such deference is warranted only where an agency clearly articulates the rationale underlying the decision. *See Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 U.S. App. LEXIS 1621, at *11 (6th Cir. Feb. 2. 1999). Accordingly, on remand the ALJ should clarify his findings related to whether Brossart meets the criteria for Listing 11.02. Specifically, the ALJ should address the severity and frequency of Brossart's seizures and other symptoms, and whether her symptoms can be controlled through medication.

### B. Consultative Examination and Credibility

Brossart also contends that the ALJ erred in finding Brossart's statements regarding the "intensity, persistence and limiting effects" of her disability not credible and by not ordering a consultative examination. Social Security Ruling 96-7p provides:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

Social Security Ruling 96-7p, 61 Fed. Reg. 34,483 (July 2, 1996). "An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's credibility determination must be supported by substantial evidence, however. *Id.* Because the ALJ made insufficient findings regarding Brossart's neurological impairments, the court cannot evaluate whether his credibility determinations were supported by substantial evidence.

With respect to the necessity for a consultative examination, Brossart notes that although no recent doctor has determined that she is disabled, this is due to her inability to afford medical care. The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant. *Landsaw v. Sec. of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. 416.912 and 416.913(d)). Moreover, "the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a

determination." *Id.* Accordingly, the ALJ was not required to call a consultative examiner to evaluate Brossart's claim.

### C. Vocational Expert

Brossart also alleges that the ALJ erred in declining to consult a vocational expert regarding her RFC. The ALJ held that Brossart was capable of "the full range of medium exertion," yet the state agency physicians identified several non-exertional limitations, including never climbing ladders, ropes, or scaffolds, and only occasionally climbing ramps or stairs. Brossart provides no support for her contention that the ALJ was required to consult with a vocational expert after he determined that she could perform past relevant work. Accordingly, the ALJ is not obligated to consult a vocational expert at step four on remand.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that Brossart's motion for summary judgment, R.11 is **GRANTED** in part **DENIED** in part and that the case is hereby **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 12, is **DENIED**.

Signed on  August 17, 2010     
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY